```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY


JASON WILKINS,                  :
                                :   Civil Action No. 09-1754 (NLH)
           Petitioner,          :
                                :
      v.                        :   OPINION
                                :
LARRY GLOVER, et al.,           :
                                :
           Respondents.         :
```

**APPEARANCES**:

    **JASON WILKINS**, Petitioner pro se
    #302310
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

**HILLMAN**, District Judge

    This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by petitioner Jason Wilkins ("Wilkins"), on or about April 14, 2009. Petitioner did not submit a complete application to proceed in forma pauperis, nor did he pay the requisite $5.00 filing fee. For the reasons stated below, however, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies.

I.   BACKGROUND

According to the allegations contained in the petition, Wilkins is a state prisoner who was sentenced pursuant to a state court judgment of conviction entered in the Superior Court of New Jersey, Law Division, Burlington County, on June 16, 2000, on charges of armed robbery, aggravated assault, and several weapons offenses.  (Petition, ¶¶ 1, 2 and 5).

Wilkins filed a direct appeal from his sentence with the Superior Court of New Jersey, Appellate Division.  His sentence was affirmed on October 20, 2003.  The Supreme Court of New Jersey denied certification on January 22, 2004.  (Pet., ¶ 9).

Wilson next filed his first state post-conviction relief ("PCR") petition on February 17, 2004.  The state PCR court denied the petition on June 15, 2006.  (Pet., ¶¶ 11(a)(1) and (8)).  Wilson appealed the decision to the Appellate Division on August 21, 2006.  The Appellate Division affirmed denial of the PCR petition on October 31, 2007.  (Pet., ¶¶ 11(b)(3), (8)).  The Supreme Court of New Jersey denied certification, but Wilkins does not provide the date of the denial in his petition.

Thereafter, Wilkins states that he filed another state PCR petition, and that this petition or state proceeding is still pending in state court.  (Pet., ¶ 11(c)).

Wilkins now brings this habeas petition under 28 U.S.C. § 2254, challenging his state court conviction and sentence.

## II.   ANALYSIS

A.   Pro Se Pleading

Wilkins brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.   Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

3

U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any

available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Wilkins has failed to exhaust his state court remedies with respect to the challenged state court conviction and sentence. Wilkins admits that he recently has filed a second state PCR action, and that the state court PCR proceeding is still pending. Therefore, he has not fully exhausted all of his available state court remedies before proceeding with this federal habeas petition.

As a matter of comity then, it is best left to the New Jersey courts to determine Wilkins' unexhausted claims pending on state collateral review.  There is simply no basis for this Court to interfere with the normal state court process, especially where petitioner has not demonstrated any serious or unlawful delay or impediment in the state court review process.  It also would appear from the allegations in this petition that the limitations period for Wilkins to bring a federal habeas action is not near expiration, and in fact, may be tolled during the pendency of his state court PCR proceedings.  See 28 U.S.C. § 2244(d)(2).

Finally, Wilkins has not alleged any federal constitutional deprivation in his state court review process that would support federal court intervention in the pending state court procedures at issue.  Therefore, based on the allegations represented by Wilkins in his petition, it is obvious that petitioner's claims for habeas relief in this instance have not been fully exhausted before the highest court in New Jersey, and that such claims are still pending final state review.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

IV.  CONCLUSION

For the foregoing reasons, this Court finds that Wilkins has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


 s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey

DATED:   April 27, 2009